# Court of Criminal Appeals of Texas

RECEIVED IN
COURT OF CRIMINAL APPEALS
AUG 18 2015
Abel Acosta, Clerk

Applicant = Michael Joseph Gray

vs

The State = Steve Cowan

Tr. C. No. W 10,880-ER-1
No.# WR-81,907-01

# Rebuttal to states finding of fact report

Applicant just received a copy of the finding of fact report, by applicants own personal means, and applicant does not agree with the report, because the report is full of false information, and should be considered a falsified state document. The state is attempting to make applicant out to be some kind of monster, and career criminal in order to justify the monstrous injustice perpetrated by rogue prosecutor.

Prosecution stated no determination was presented by the D.P.S. either before or at the trial as to whether their were any substantially similar Texas offense to applicants California charges, and this mistake was made by both the prosecution and applicants own public defender, because neither one of them took the five minutes out of their day in the seven months applicant was in their county jail to call, fax, or E-mail the D.P.S. to find out if applicant even had a duty or requirement to register in the state of Texas, and this kind of ineffective assistance of counsel and malicious prosecution perpetrated by this rogue prosecutor that has caused an innocent man to be sent prison not once, but as evidence will show twice now. The law states; "All persons are presumed to be innocent and no person may be convicted of any offense unless each and every element of the offense is proved beyond a reasonable doubt; see = "In Re Winship, 90 S.ct. 1068, 1071 (1970). Applicant has alleged that he was innocent of this charge, and thanks to exculpatory evidence in applicants favor applicant has proven his

Michael Gray
8-12-15

Page 1 of 3



innocence the law also states = "If an applicant alleges and proves facts, which if true entitle him to relief". See = "Exparte Maldonado, 688 s.w. 2d 114, 116 (Tex. Cr. App 1985) Also see = Ex part Richardson, 70 s.w. 3d 865, 870 (Tex, Cr, App, 2002)

Prosecution dismissed the second felony charge only, because applicant proved he was innocent of the charge beyond a reasonable doubt; it had nothing to do with applicant taking a plea bargain. Applicant has a copy of the plea bargain agreement, and no where in the plea bargain agreement does it state that prosecution is dismissing a second felony charge, but only, if applicant agree's to the plea bargain. The only special findings or orders that was ~~████████~~ on the plea bargain that applies to applicant was agreed to by the prosecution and the judge, and then read out in court by the judge; "Defendant is court ordered to "SafeKeeping in T.D.C.J." The state how ever did not up hold their end of the plea bargain. If the prosecution does not live up to it's part of the plea bargain, doubt is raised as to whether the guilty plea induced by the broken bargain can be regarded as truly voluntary; see = Bass vs State 576 s.w. 2d 400 (Tex Crim App 1979)

## Conclusions of Applicants Rebuttal

D. Prosecution brings up the fact that applicant took an eight year plea bargain for failure to register back in 2003, but what prosecution fails to understand is that the savings clause was still in effect, so this means applicant was and still is innocent of that charge; just like applicant is innocent of this charge.

Michael Joseph Tracy
8-12-15

# Court of Criminal Appeal of Texas

Applicant = Michael Joseph Gray

vs

The State = Steve Cowan

Tr, Ct, No # W-10,880 CR-1

No # WR-81,307-01

## Conclusions of Applicants Rebuttal

2). Applicant, has shown proof the dismissal of the ~~____~~ second felony charge had nothing to do with applicant taking any plea bargain as proclaimed by prosecution.

3). Applicant, has claimed and proven that Mr. Jerry Pratt Jr. fell short of prevailing professional standards and amounted to ineffective assistance due to Mr. Pratt's failure to make any contact with ~~the~~ D.P.S, in the seven months applicant was in ~~____~~ county jail, to find out if applicant even had a duty to register

4). Applicant has proven, thanks to exculpatory evidance that ~~____~~ applicant is innocent of this charge (Failure to register).

5). Applicant, has proven malicious prosecution by the prosecutor, because applicant was convicted and sent to prison, without the prosecutor checking with the D.P.S, to see if applicant ~~____~~ even had any kind of a duty or requirement to register in the state of Texas, and this means prosecution charged, convicted, and sent applicant to prison without any kind of evidence, and that in it's self is malicious.

Applicant prays this court grant relief.

Please accept this copy of the plea bargain, and enter it into evidence as Exhibit = B.

Sincerely

Michael Joseph Gray

8-12-15





Court then admonished Defendant as required by law. It appeared to the Court that Defendant was mentally competent to stand trial, made the plea freely and voluntarily, and was aware of the consequences of this plea. The Court received the plea and entered it of record. Having heard the evidence submitted, the Court found Defendant guilty of the offense indicated above. In the presence of Defendant, the Court pronounced sentence against Defendant.

The Court **Finds** Defendant committed the above offense and **ORDERS, ADJUDGES AND DECREES** that Defendant is **GUILTY** of the above offense. The Court **Finds** the Pre-sentence Investigation, if so ordered, was done according to the applicable provisions of Tex. Code Crim. Proc. art. 42.12 § 9.

.The Court **ORDERS** Defendant punished as indicated above. The Court **ORDERS** Defendant to pay all fines, court costs, and restitution as indicated above.

### Punishment Options  (select one)

☒ **Confinement in State Jail or Institutional Division.** The Court **ORDERS** the authorized agent of the State of Texas or the Sheriff of this County to take, safely convey, and deliver Defendant to the **Director, State Jail Division, TDCJ.** The Court **ORDERS** Defendant to be confined for the period and in the manner indicated above. The Court **ORDERS** Defendant remanded to the custody of the Sheriff of this county until the Sheriff can obey the directions of this sentence. The Court **ORDERS** that upon release from confinement, Defendant proceed immediately to the Morris County District Clerk. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **County Jail—Confinement / Confinement in Lieu of Payment.** The Court **ORDERS** Defendant immediately committed to the custody of the Sheriff of **Morris** County, Texas on the date the sentence is to commence. Defendant shall be confined in the **Morris** County Jail for the period indicated above. The Court **ORDERS** that upon release from confinement, Defendant shall proceed immediately to the Morris County Clerk. Once there, the Court **ORDERS** Defendant to pay, or make arrangements to pay, any remaining unpaid fines, court costs, and restitution as ordered by the Court above.

☐ **Fine Only Payment.** The punishment assessed against Defendant is for a **FINE ONLY.** The Court **ORDERS** Defendant to proceed immediately to the Office of the **Morris** County **District Clerk.** Once there, the Court **ORDERS** Defendant to pay or make arrangements to pay all fines and court costs as ordered by the Court in this cause.

### Execution / Suspension of Sentence  (select one)

☒ The Court **ORDERS** Defendant's sentence **EXECUTED.**

☐ The Court **ORDERS** Defendant's sentence of confinement **SUSPENDED.** The Court **ORDERS** Defendant placed on community supervision for the adjudged period (above) so long as Defendant abides by and does not violate the terms and conditions of community supervision. The order setting forth the terms and conditions of community supervision is incorporated into this judgment by reference.

The Court **ORDERS** that Defendant is given credit noted above on this sentence for the time spent incarcerated.

### Furthermore, the following special findings or orders apply:

Ordered Defendant to Safekeeping in TDCJ.